### THE TOWN OF SALISBURY *v.* THE TOWN OF MIDDLEBURY.

#### *Record of warning out process.*

A precept, in due form, warning a person to depart the town, under the law of 1801, and the return of a sufficient service of it was copied upon the book of records in the town clerk's office. An attestation in the following words, "received this warning on record," properly dated and signed by the town clerk, made at the lower left hand corner of the precept, but above the return, was held to refer to, and include the return as well as the precept.

The word warning, as used in the attestation, included both the precept and the service of it.

APPEAL from an order of removal of John Fuller, a pauper, from the town of Salisbury to the town of Middlebury.

It was admitted that the legal settlement of the pauper was in the town of Middlebury unless his father, under whom such a settlement was claimed, was warned to depart that town in the year 1813. To prove such a warning, the town of Middlebury introduced an original book of records of said town, wherein was recorded the warning relied on. The county court, December Term, 1855,—PIERPOINT, J., presiding,—decided that the record was not sufficient evidence that the warning and officer's return were seasonably recorded; and that the settlement of the pauper was therefore in the town of Middlebury, and that he was duly removed, &c. Exceptions by the defendant. (There was no copy of the town clerk's record furnished to the reporter, nor any statement respecting it, except that contained in the opinion of the court.)

*J. A. Beckwith* for the defendant.

*J. Prout* and *E. J. Phelps* for the plaintiff.

The opinion of the court was delivered, at the circuit session in June, by

BENNETT, J. The only question in this case involves simply the validity of the proceedings under the act of 1801, in warning the father of John Fuller to depart the town of Middlebury. No objection is taken as to the form of the warning out process, or of its service, as spread upon the book of records of the town of Middlebury, which was offered in evidence; and they seem in all things to comport with the requirements of the statute; but the county court excluded the book of records from going to the jury upon the ground, it would seem, that it did not sufficiently appear that the return of the constable had been recorded within the time required by the statute. The precept for the warning out of Benjamin Fuller was issued by the selectmen of Middlebury on the 19th of May, 1813, and was served the 1st day of June, 1813, as appears by the records.

The statute of 1801, first section, after giving the form of the precept, and prescribing the mode of service, proceeds; " which precept the said constable shall return with his proceedings thereon to the town clerk of such town, within eight days after serving the

same, which precept and return, it shall be the duty of the town clerk to enter upon the records of said town." We find upon the book of records, placed at the left hand of the names of the select-men, who issued the precept for warning out Benjamin Fuller, and preceding the return of the officer who served it, the following attestation of the town clerk; "*Middlebury*, 1st of June, 1813; *Received this warning on record*.

Attest.          SETH STORRS, *Town Clerk*."

If this *attestation* is sufficient, in other respects, to show the time when the precept and the service of it was entered upon record, can the particular location of the attestation upon the book of records, have the effect to defeat its operation? It would, it is true, be more natural to have the *attestation* follow the officers return; and in looking at the book of records, this seems to have been the case in other instances, in which the town clerk has used the same form of attestation. The particular location of this attestation may have been accidental; but from the appearance of the book itself, I should think it was resorted to in order to give room upon the same half sheet for another record of the same kind. It is not essential that the town clerk should follow any certain consecutive order, in making the record; and if, in point of fact, the *attestation* was made before the town clerk had transcribed upon the record the return of the officer, it would not vitiate the record. By his spreading the return upon the record, though subsequently, he adopted it as a part of his record, and virtually attested it; and it is quite immaterial, whether the attestation *preceded* or *followed* the return, if, by a fair intendment, the attestation is to be under-stood as including the record of the officer's return; and we think it should be so intended in this case. The certificate of the attes-tation is, "received this warning on record." The warning a per-son to depart a town implies a notice to such person to quit, and in-volves a service upon him of the precept issued by the selectmen; and though the precept may be termed a warning in common par-lance, yet in the statute, which provides for the service, it is with great propriety called a *precept*; and it does not take the legal character of a notice or warning, until service of it has been made. We think it was in this sense that the town clerk, in his attestation, used the term *warning*; and that the term involves a service of

the precept, as being necessary to constitute a *warning*. In looking at the book of records, we find that in all other cases, where the attestation follows both the precept and the service of it, this same town clerk has used the expression, " rec'd this warning on record." There can be no doubt, he intended the attestation should include, in the term *warning*, both the precept and the service ; and we think by intendment, it may well have that effect. On the whole, then, we are satisfied that the attestation is sufficient to show that both the precept and the service of it was entered upon the records of the town by the town clerk in due time to give them a legal effect. It will follow, from the case, as made by the exceptions, that the pauper was unduly removed.

The judgment of the county court is reversed, and the cause remanded.